IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| MED FIVE, INC., ET AL., | ) | CIVIL NO. 07-00389 DAE-LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ALEC KEITH, PH.D., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS'
MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**

On November 28, 2007, Plaintiffs Med Five, Inc., Ralph A. Cowden, Janey A. Lau and James C. Roberts, Jr., M.D., (collectively "Plaintiffs") filed their Motion to Remand for Lack of Subject Matter Jurisdiction ("Motion"). Defendants Barbara Johnson and Webb Zeisenheim Lagsdon Orkin & Hanson, P.C., (collectively "Webb Defendants") filed a memorandum in opposition on December 12, 2007. Defendant William Crisp, M.D., and Defendant Alec Keith, Ph.D., filed joinders in the Webb Defendants' memorandum in opposition on December 12, 2007 and December 14, 2007, respectively. Plaintiffs filed their reply on December 26, 2007. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). Upon careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, this Court HEREBY FINDS and

RECOMMENDS that Plaintiffs' Motion be DENIED for the reasons below.

## BACKGROUND

Plaintiffs Cowden and Lau developed an idea for a dietary supplement that would remove arterial plaque in the human body ("the Supplement") and they sought technical advice to secure a patent.  On or about August 4, 2003, Med Five, Inc. ("Med Five") was incorporated in Hawai`i to develop the Supplement and obtain a patent.  Defendant Keith was offered a ten percent interest in Med Five for, *inter alia*, assistance in obtaining the patent, research and development of the Supplement, and promotion of the Supplement.  On Defendant Keith's recommendation, Med Five retained the Webb Defendants' legal services to process the patent application.  On or about September 15, 2003, the Webb Defendants filed a provisional patent application for the Supplement with the United States Patent and Trademark Office.  The provisional patent, Serial No. 60/502,993, was issued to Plaintiffs Cowden, Lau, and Roberts, and Defendant Keith ("Supplement Provisional Patent"), who were identified as the Supplement's inventors.  [Complaint at ¶ 26.] The production of the Supplement began in or around February 2004.  [Id. at ¶ 28.]

Defendant Keith also suggested that Med Five work with Defendant Crisp to, *inter alia*, develop technology to obtain a

patent for the Supplement, and conduct research regarding the Supplement's efficacy. On or about December 26, 2003, Defendant Crisp was given a ten percent interest in Med Five. [Id. at ¶ 26.] In or about June 2005, Defendant Crisp, in conjunction with Defendant Edward B. Diethrich, M.D., undertook the efficacy research study at Defendant Arizona Heart Institute ("the Institute"). Med Five supplied them with the Supplement for use in the study. [Id. at ¶ 28.]

        Plaintiffs allege that, on February 25, 2005, Defendants Keith and Crisp, through the Webb Defendants, their attorneys, filed "a subsequent patent application in their individual names, the components of which were the same or similar to the components of" the Supplement Provisional Patent. [Id. at ¶ 27.] The provisional patent was assigned Serial No. 11\06,621 ("Keith/Crisp Provisional Patent"). Neither Plaintiffs nor any of Med Five's officers, directors, and/or shareholders (with the exception of Defendants Keith and Crisp) had notice of the Keith/Crisp Provisional Patent application and neither the Webb Defendants nor Defendants Keith and Crisp sought Plaintiffs' permission to obtain the Keith/Crisp Provisional Patent. [Id.] In or about September 2005, Plaintiffs learned about the Keith/Crisp Provisional Patent and that the Supplement Provisional Patent had not been assigned to Med Five. After Med Five confronted the Webb Defendants with this apparent conflict,

the Webb Defendants undertook to assign both provisional patents to Med Five.  [Id. at ¶ 29.]

Plaintiffs allege that "Defendants Keith and Crisp entered into competition against Med Five in alliance" with, *inter alia*, Defendants Janet Kelly, also known as Janet Sidbeck, ("Kelly"), Norman Wirth, Secrets of Nature ("Secrets"), Nexxis Generation ("Nexxis"), Tino Perez, Premium Logistics, Inc. ("Logistics"), Great Earth Companies, Inc. ("Great Earth"), Phoenix Labs ("Phoenix"), Diethrich, and the Institute.  [Id. at ¶ 31.]  They are allegedly "marketing a product with the appellations 'ADR' and/or 'APR' utilizing the proprietary ingredients contained in" the Supplement.  [Id. at ¶ 32.]  Med Five had contracted with Defendants Kelly, Wirth, and Secrets to market the Supplement and with Defendants Perez and/or Logistics to distribute the Supplement.  Plaintiffs allege that Defendants Keith and Crisp's actions "infringed upon the provisional patents owned by Med Five and further have interfered with the business of Med-Five . . . ." [Id. at ¶ 33.]

Plaintiffs, with the exception of James C. Roberts, Jr., M.D., who was added as a party in the First Amended Complaint, filed the instant action in the Circuit Court of the First Circuit, State of Hawai`i ("circuit court") on July 6, 2007.  The Complaint alleges the following claims: breach of fiduciary duty and conflict of interest as to Defendants Keith

and Crisp ("Count I"); unfair competition ("Count II"); conspiracy ("Count III"); slander and defamation ("Counts IV and V"); rescission of corporate stock ("Counts VI and VII"); breach of duty of good faith and fair dealing ("Count VIII"); interference with contractual relations ("Count IX"); disgorgement ("Count X"); breach of fiduciary duty as to the Webb Defendants ("Count XI"); professional negligence as to the Webb Defendants ("Count XI");[1] conversion and unjust enrichment ("Count XII"); and a claim for punitive damages ("Count XIII").

Defendant Keith removed the action to federal court on July 23, 2007 on the basis of federal question jurisdiction.[2]  He alleged that Plaintiffs' principal claims alleged patent infringement and that there was supplemental jurisdiction over the remaining claims.  [Notice of Removal at ¶¶ 2-4.]  Plaintiffs filed a First Amended Complaint on September 28, 2007.[3]

---

[1] There are two claims designated "Count XI" in the Complaint.

[2] Defendant Keith states that he received service of the Complaint; Summons on July 9, 2007.  As of the filing of the Notice of Removal, there was noting in the circuit court docket indicating that Plaintiffs had effected service upon any of the other defendants.  [Notice of Removal at ¶ 6.]  On August 8, 2007, Defendant Keith filed joinders by Defendants Crisp, Kelly, Diethrich, and the Institute.  The Webb Defendants filed a notice of consent to removal on September 13, 2007.

[3] On August 29, 2007, Defendant Keith filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which Defendant Crisp later joined, but Defendant Keith withdrew the motion after Plaintiffs filed the First Amended
(continued...)

Defendant Crisp filed his Motion to Dismiss for Lack of Jurisdiction on September 12, 2007, and he amended the motion on October 4, 2007.  On October 11, 2007, the Webb Defendants filed their Motion for Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim, which Defendant Crisp joined on November 2, 2007.  On November 2, 2007, Defendant Keith filed a joinder in the Webb Defendants' motion to dismiss for failure to state a claim.  The motions to dismiss are currently set for hearing before the district judge on March 31, 2008.  Pursuant to a stipulation filed on January 4, 2008, Plaintiffs have agreed to dismiss their claims against Defendants Diethrich and the Institute without prejudice.

Plaintiffs seek remand back to the circuit court.[4] Plaintiffs assert that there is no federal jurisdiction because they do not have a patent and federal patent law does not create a cause of action based on pending or provisional patents.  They argue that their claims are in the nature of contract and other state tort claims.

In their memorandum in opposition, the Webb Defendants argue that, although there is no personal jurisdiction over them

---

[3](...continued)
Complaint.

[4] Plaintiffs state that they attempted to secure a stipulation to remand the case.  Defendant Keith was apparently amenable to so stipulate, but the Webb Defendants would not agree to the stipulation.  [Mem. in Supp. of Motion at 5.]

and the First Amended Complaint fails to state a claim against them, federal subject matter jurisdiction exists.  Plaintiffs allege that the Webb Defendants: failed to apply for the Supplement Provisional Patent in Med Five's name; were part of a conspiracy to infringe upon and compete with the Supplement; and failed to disclose in the Supplement's patent application that it could also be used to dissolve kidney stones.  The Webb Defendants argue that federal courts have jurisdiction over legal malpractice claims involving the prosecution of patents because the resolution of such claims involve substantial questions of federal patent law.  In order to prove that their rights have been injured, Plaintiffs must establish that a provisional patent application confers enforceable rights upon the applicant.  Further, the Webb Defendants argue that several of Plaintiffs' other claims also require the resolution of patent law questions.  For example, in order to resolve Plaintiffs' unfair competition claim, the district court must determine: whether the two resultant patents would be valid; whether they would infringe upon each other; and what rights Plaintiffs have prior to the issuance of the patent.

The Webb Defendants also emphasize that Plaintiffs previously conceded the existence of federal subject matter jurisdiction in their First Amended Complaint.  The Webb Defendants complain that Plaintiffs filed the instant Motion

despite the fact that there was an on-going meet-and-confer between the parties about Plaintiffs' assertion that there was no subject matter jurisdiction.  They argue that the Motion was "a clear effort to derail the impending determination of the motions to dismiss . . . ."  [Webb Defs.' Mem. in Opp. at 2.]  At the time Plaintiffs filed the instant Motion, the hearing on the motions to dismiss was set for December 3, 2007.

        In his joinder in the Webb Defendants' memorandum in opposition, Defendant Keith also offered some additional arguments.  He asserts that Plaintiffs specifically alleged a claim of patent infringement in violation of federal law.  Plaintiffs claim that Defendants Keith and Crisp infringed the Supplement Provisional Patent by submitting another patent application and marketing a product which uses some of the same proprietary ingredients.  Plaintiffs seek injunctive relief to prevent the alleged infringement.  Defendant Keith therefore contends that the federal courts have jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1338(a).  Further, many of Plaintiffs' other claims are premised upon Plaintiffs' rights under the Supplement Provisional Patent and those claims present material questions of federal patent law.

        In their reply, Plaintiffs reiterate the arguments in their Motion and argue that the Motion was not a tactical maneuver to impede the motions to dismiss, which remain pending.

Plaintiffs state that, once they realized there was no federal jurisdiction, the "only hiatus" in bringing the instant Motion was the failed attempt to secure a stipulation to remand.  [Reply at 3.]  Further, although the Local Rules do not require a meet-and-confer for a motion to remand, Plaintiffs' counsel contacted all defense counsel about the issues in the Motion during the attempt to secure the stipulation.  Finally, Plaintiffs apparently argue that they mistakenly asserted that federal jurisdiction existed in the First Amended Complaint.  Plaintiffs concede that, when they invoked 28 U.S.C. § 1338(b) as a basis for federal jurisdiction in the First Amended Complaint, they overlooked "the conjunctive 'when joined with a substantial and related claim under the copyright, patent, plant variety production or trademark laws'".  [Id. at 5.]  When they retained new counsel to address the Webb Defendants' "continuing misfeasance", they revisited the issue of proper jurisdiction and apparently discovered the error.  [Id.]

## **DISCUSSION**

Defendant Keith removed the instant case pursuant to 28 U.S.C. §§ 1441 and 1446.  [Notice of Removal at 2.]  Section 1441 provides, in pertinent part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the

> district court of the United States for the district and division embracing the place where such action is pending. . . .
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441 (a)-(b).  Courts strictly construe § 1441 against removal and resolve any doubts about the propriety of removal in favor of remanding the case to state court.  See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).  The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction.  See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

Defendant Keith alleged that federal jurisdiction was proper because Plaintiffs alleged claims arising under the laws of the United States.  [Notice of Removal at ¶ 2 (citing 28 U.S.C. § 1331[5]).]  In particular, Defendant Keith asserted that Plaintiffs' claims allege patent infringement.  [Id. at ¶ 3.] "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to

---

[5] Section 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases."  28 U.S.C. § 1338(a).  Plaintiffs argue that their claims are in the nature of contract and other state tort claims because federal patent law does not support a cause of action for infringement of a pending patent.

Insofar as § 1338(a) uses the same "arising under" language as § 1331, the United States Supreme Court has stated that the well-pleaded-complaint rule also determines whether a case arises under § 1338(a).  See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 829-30 (2002).

> As appropriately adapted to § 1338(a), the well-pleaded-complaint rule provides that whether a case arises under patent law must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration . . . .  The plaintiff's well-pleaded complaint must establis[h] either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law . . . .

Id. at 830 (citations and quotation marks omitted) (alterations in original).  The Complaint does not allege a claim of patent infringement, or any other cause of action created by federal patent law.[6]  Thus, there is no federal jurisdiction unless

---

[6] Plaintiffs' First Amended Complaint states: "Plaintiffs further assert jurisdiction within the meaning of 28 U.S.C. §
(continued...)

11

Plaintiffs' claims require the "resolution of a substantial question of federal patent law".

For example, Count I alleges that Defendants Keith and Crisp breached their fiduciary duties to Med Five and created a conflict of interest by, *inter alia*: obtaining the Keith/Crisp Provisional Patent, which allegedly utilized components of the Supplement Provisional Patent; [Complaint at ¶¶ 38-39;] "manufacturing, advertising and/or selling certain products, specifically 'ADR' and 'APR' that embody the subject matter of" the Supplement Provisional Patent; [id. at ¶ 41;] and "knowingly and actively induc[ing] the infringement of" the Supplement Provisional Patent.  [Id. at ¶ 43.]  Count II alleges that this conduct constitutes unfair competition.  Count III alleges that Defendants Keith and Crisp undertook these actions, and others, as part of a conspiracy with the other defendants.  Count VIII alleges that Defendants Keith and Crisp's actions constituted a breach of their duty of good faith and fair dealing.  Count IX alleges that their actions interfered with Med Five's contractual relations with Defendants Kelly, Secrets, Perez, and Logistics.

---

⁶(...continued)
1338(b) in that Plaintiffs claim unfair competition by reason of misuse or misappropriation of confidential information or trade secrets by the defendants herein." [First Amended Complaint at ¶ 2.]  The Court, however, will not consider the First Amended Complaint because, in determining whether removal was proper, the Court can only consider the pleadings filed in the circuit court. See Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006).

Count XI alleges that the Webb Defendants breached their fiduciary duty to Med Five by failing to disclose the fact that Defendants Keith and Crisp were seeking the Keith/Crip Provisional Patent.  Plaintiffs also assert a legal malpractice claim against the Webb Defendants because they "knew or should have know [sic] that the provisional patent application they filed in behalf of Defendants Keith and Crisp consisted of components of" the Supplement Provisional Patent.  [Id. at ¶ 108.]

Although there is no cause of action for infringement before a patent is issued, see GAF Bldg. Materials Corp. v. Elk Corp., 90 F.3d 479, 482 (Fed. Cir. 1996), the foregoing claims are premised upon an allegation akin to patent infringement. These claims are based upon the allegation that the Keith/Crisp Provisional Patent has components "which were the same or similar to the components of" the Supplement Provisional Patent. [Complaint at ¶ 27.]  "A determination of patent infringement consists of two steps: (1) the court must first interpret the claim, and (2) it must then compare the properly construed claims to the allegedly infringing device."  SafeTCare Mfg., Inc. v. Tele-Made, Inc., 497 F.3d 1262, 1268 (Fed. Cir. 2007) (citation omitted).  In order to find for Plaintiffs on the counts relating to the alleged "infringement", the district court would have to make similar findings regarding the Supplement Provisional Patent

and the Keith/Crisp Provisional Patent.  This Court therefore FINDS that federal subject matter jurisdiction exists pursuant to § 1338(a) because Plaintiffs' "right to relief necessarily depends on resolution of a substantial question of federal patent law".  See Holmes Group, 535 U.S. at 830.  The Court further FINDS that supplemental jurisdiction exists over Plaintiffs' claims which do not relate to the Supplement Provisional Patent.

## CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Plaintiffs' Motion to Remand for Lack of Subject Matter Jurisdiction, filed November 28, 2007, be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, February 1, 2008.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**MED FIVE, INC., ET AL. V. ALEC KEITH, PH.D., ET AL; CIVIL NO. 07-00389 DAE-LEK; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**