IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MED FIVE, INC., RALPH A.      )      CV. NO. 07-00389 DAE-LEK
COWDEN, AND JANEY A. LAU      )
AND JAMES C. ROBERTS, M.D.,   )
                             )
        Plaintiffs,           )
                             )
    vs.                       )
                             )
ALEC KEITH, Ph.D., WILLIAM    )
CRISP, M.D., JANET KELLY aka  )
JANET SIDBECK, NORMAN         )
WIRTH, SECRETS OF NATURE,     )
LLC., NEXXIS GENERATION,      )
BARBARA JOHNSON, WEBB,        )
ZEISENHEIM LAGSDON ORKIN      )
& HANSON, P.C., TINO PEREZ,   )
PREMIUM LOGISTICS, INC.,      )
GREAT EARTH COMPANIES,        )
INC., PHOENIX LABS, EDWARD    )
B. DIETHRICH, M.D., THE       )
ARIZONA HEART INSTITUTE,      )
HANK FRANCO AND JOHN          )
DOES 1-10; JANE DOES 1-10;    )
DOE CORPORATIONS 1-10; DOE    )
PARTNERSHIPS 1-10; DOE        )
ASSOCIATES 1-10; DOE          )
GOVERNMENTAL AGENCIES 1-      )
10, and OTHER DOE ENTITIES 1- )
10,                           )
                             )
        Defendants.           )
_____ )

ORDER DENYING DEFENDANT WILLIAM CRISP, M.D.'S FIRST
AMENDED MOTION FOR DISMISSAL FOR LACK OF PERSONAL
JURISDICTION WITHOUT PREJUDICE AND GRANTING DEFENDANTS
BARBARA JOHNSON AND WEBB ZEISENHEIM LOGSDON ORKIN &
HANSON, P.C.'S MOTION TO DISMISS FOR LACK OF PERSONAL
<u>JURISDICTION AND FOR FAILURE TO STATE A CLAIM</u>

On March 31, 2008, the Court heard Defendant William Crisp, M.D.'s

First Amended Motion for Dismissal for Lack of Personal Jurisdiction (Doc. # 25)

and Defendants Barbara Johnson and Webb Zeisenheim Logsdon Orkin & Hanson,

P.C.'s Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State

a Claim (Doc. # 26).  Robert D. Eheler, Jr., Esq., appeared at the hearing on behalf

of Plaintiffs; Ward F.N. Fujimoto, Esq., appeared at the hearing on behalf of

Defendant William Crisp, M.D.; Keith K. Hiraoka, Esq., and Thomas A. Leghorn,

Esq., appeared at the hearing on behalf of Defendants Barbara Johnson and Webb

Zeisenheim Logsdon Orkin & Hanson, P.C.  After reviewing the motions and the

supporting and opposing memoranda, the Court DENIES Defendant Crisp's

Motion WITHOUT PREJUDICE and GRANTS Barbara Johnson and Webb

Zeisenheim Logsdon Orkin & Hanson, P.C.'s motion.

<u>BACKGROUND</u>

Plaintiff Med Five, Inc. is a Hawaii corporation doing business in the

State of Hawaii, and consists of only six shareholders.  Plaintiff Ralph A. Cowden

2

is a resident of Nevada.  Plaintiff Janey Lau is a resident of the State of
Washington.  Plaintiff James Roberts, Jr., M.D. is a resident of Ohio.

According to the First Amended Complaint, Defendant Alec Keith,
Ph.D., is a resident of Hawaii and became an officer and shareholder of Med Five
in exchange for his services in conducting research and obtaining a patent for the
Med Five dietary supplement that was in development.  Defendant Keith resigned
as an officer of Med Five in September 2003.  Defendants Janet Kelly and Norman
Wirth are residents of Nevada, and Defendants Secrets of Nature, LLC and Nexxis
Generation appear to be Nevada companies.  Defendant Barbara Johnson is a
resident of Pennsylvania, and Defendant Webb, Zeisenheim, Langsdon, Orkin &
Hanson, P.C., (the "Webb Law Firm") is a Pennsylvania law firm.  Defendant Tino
Perez is a resident of California, and Defendants Logistics, Inc., Great Earth
Companies, Inc., and Phoenix Labs are California companies.  Defendants Edward
Diethrich, M.D., and Hank Franco are residents of Arizona, and the Arizona Heart
Institute is a medical facility doing business in Arizona.  Defendants Diethrich and
the Arizona Heart Institute have been dismissed without prejudice via stipulation
of the parties.  (Doc. # 56.)

Defendant William Crisp, M.D., was and is a resident of the State of
Arizona.  Crisp is currently 82 years old.  Crisp does not own or lease real property

3

in Hawaii and he does not maintain an office in the State.  Crisp does not have a

Hawaii telephone number, nor does he maintain any bank accounts in Hawaii.

Crisp does not have any license issued by the State of Hawaii.  Crisp has been to

Hawaii twice in the past three years for vacation.  All contact with the individual

Plaintiffs in this case, either in person or via telephone, occurred in Nevada or

Arizona.

Defendant Johnson is an attorney with the Webb Law Firm.  Johnson

is licensed to practice law in Pennsylvania and maintains an office in Pennsylvania.

Like Crisp, Johnson does not own or lease real property in Hawaii and does not

maintain an office in the State.  Johnson does not have a Hawaii telephone number,

nor does she maintain any bank accounts in Hawaii.  Johnson does not maintain

any investments or interests in any businesses targeted specifically at Hawaii and

she does not have any license issued by the State of Hawaii, including a license to

practice law.  Johnson traveled to Hawaii once for business in 2004.  It is disputed

whether this trip was related to the subsequent provisional patent that was

eventually assigned to Med Five, as discussed below.

The Webb Law Firm maintains its sole office in Pennsylvania and

none of its attorneys are licensed to practice law in Hawaii.  The Webb Law Firm

does not own or lease real property in Hawaii, does not maintain an office in the

4

State, does not have a Hawaii telephone number, does not maintain any bank accounts in Hawaii, and does not maintain any investments or interests in any businesses targeted specifically at Hawaii.  All legal services performed in connection with Med Five were performed in Pennsylvania for the purpose of filing patent applications with the United States Patent and Trademark Office located in Virginia.

Med Five was working on developing a dietary supplement that helps to remove plaque from the heart and was referred to Defendant Crisp by Defendant Alec Keith in 2003 to aid Med Five in obtaining a patent and to conduct research on the efficacy of the Med Five product.  Crisp was given 10% of Med Five stock in exchange for his services.  Crisp performed his services at the Arizona Heart Institute in Arizona.

Because of Defendant Keith's recommendation, Med Five hired Defendant attorney Barbara Johnson ("Attorney Johnson" or "Johnson") and Defendant the Webb Law Firm in August 2003 to provide legal services to submit a patent application for the Med Five dietary supplement.  Johnson and the Webb Law Firm filed a provisional patent application.  A provisional patent was issued to the following four individuals named as inventors of the dietary supplement: Plaintiffs Ralph Cowden, Janey Lau and James Roberts, and Defendant Alec Keith.

After Keith resigned as Vice President, he and Crisp, through Attorney Johnson and the Webb Law Firm, submitted a subsequent patent application in their individual names and a provisional patent was issued on February 25, 2005.  Plaintiffs allege that this subsequent patent application was similar to the provisional patent that had already been issued in their names and that it used confidential information and trade secrets contained in the first provisional patent.  Plaintiffs claim that they were unaware of this second patent application at and around the time that it was made.

Plaintiffs continued to work with Crisp and began to manufacture their product in February 2004.  The product was allegedly effective and popular and Med Five sought to sell its business.  In September 2005, Plaintiffs learned that the first provisional patent had not been assigned to Med Five as allegedly intended, and learned that Defendants Keith and Crisp, through Attorney Johnson and the Webb Law Firm, had submitted the subsequent patent application using allegedly confidential information.  After being questioned by Plaintiffs, Attorney Johnson and the Webb Law Firm sought to assign both provisional patents to Med Five, and allegedly both provisional patents were assigned to Med Five.

Med Five began to sell its product on the Internet, with Crisp and Keith's endorsements.  Crisp and Keith thereafter removed their endorsements of

6

the product from the website.  Crisp and Keith allegedly began to compete against Med Five with Defendants Kelly, Wirth, Secrets, Nexxis, Perez, Logistics, Great Earth, Phoenix, Diethrich, Franco, and the Arizona Heart Institute, and allegedly disclosed Med Five's trade secretes and proprietary information to third parties.

Plaintiffs filed a lawsuit in State court, and this case was removed from State court on July 23, 2007.  On September 28, 2007, Plaintiffs filed a First Amended Complaint asserting that because Med Five is a closely-held corporation, as a shareholder, Defendant Crisp had a fiduciary duty which he breached. Plaintiffs have also brought claims against Crisp for unfair competition, conspiracy, recession of corporate stock, breach of duty of good faith and fair dealing, tortious interference with contractual relations, and disgorgement. Plaintiffs have brought claims against Attorney Johnson and the Webb Law Firm for breach of fiduciary duty, unfair competition, conspiracy, and professional negligence.

Defendant Crisp filed the instant first amended motion to dismiss based on lack of personal jurisdiction on October 4, 2007.  (Doc. # 25.)  Plaintiffs filed their opposition on November 15, 2007, and Crisp filed a reply on November 20, 2007.  Defendant Alec Keith filed a statement of no position and non-appearance on November 2, 2007.

7

Defendants Johnson and the Webb Law Firm filed their motion to dismiss based upon lack of personal jurisdiction and failure to state a claim for damages on October 11, 2007.  (Doc. # 26.)  Plaintiffs filed their opposition on November 15, 2007, and Defendants Johnson and the Webb Law Firm filed a reply on November 21, 2007.  Defendant Alec Keith filed a statement of no position and non-appearance on November 2, 2007.  Defendant Crisp filed a joinder to the motion on November 2, 2007.

The hearing on the two motions was originally set for November 26, 2007, but moved to March 31, 2008, by agreement of the parties and due to the filing of a motion for remand.  The motion for remand was denied on February 25, 2008.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction.  A plaintiff  has the burden of establishing jurisdiction over a nonresident defendant.  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004); Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995).  When, as here, a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the

plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.  <u>Schwarzenegger</u>, 374 F.3d at 800; <u>Ziegler</u>, 64 F.3d at 473.

In determining whether a plaintiff has made a prima facie showing of jurisdictional facts, the court must accept uncontroverted allegations in the complaint as true.  <u>Dole Food Co. v. Watts</u>, 303 F.3d 1104, 1108 (9th Cir. 2002); <u>Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.</u>, 328 F.3d 1122, 1128-29 (9th Cir. 2003).  If the defendant presents evidence to contradict the allegations in the complaint, the plaintiff must go beyond the pleadings and present affirmative proof of personal jurisdiction through affidavits and declarations.  <u>See Dole Food Co.</u>, 303 F.3d at 1108.  Conflicts between the parties' affidavits and other discovery materials must be resolved in favor of the plaintiff.  <u>Id.</u>

DISCUSSION

In order to exercise personal jurisdiction over a nonresident defendant, the court must consider whether: (1) the forum state has an applicable long-arm statute that confers jurisdiction over nonresidents, and (2) the assertion of personal jurisdiction comports with the constitutional requirements of due process.  <u>Miracle v. N.Y.P. Holdings, Inc.</u>, 87 F. Supp. 2d 1060, 1064 (D. Haw. 2000); <u>Complaint of Damodar Bulk Carriers, Ltd.</u>, 903 F.2d 675, 678 (9th Cir. 1990).  Hawaii's long-arm statute extends jurisdiction to the extent permitted by the Due Process

Clause of the Fourteenth Amendment.  Cowan v. First Ins. Co. of Haw., 608 P.2d

394, 399 (Haw. 1980).  Therefore, the jurisdictional analysis under state law and

federal due process are the same.  Complaint of Damodar Bulk Carriers, 903 F.2d

at 679.

For the Court to exercise personal jurisdiction over a nonresident

defendant, the defendant must have at least minimum contacts with the forum state

such that the exercise of jurisdiction "does not offend traditional notions of fair

play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316

(1945) (internal quotations and citation omitted); Schwarzenegger, 374 F.3d at

801.  The defendant's conduct must have been such that he or she should

reasonably anticipate being haled into court in Hawaii. Harris Rutsky & Co. Ins.

Servs., 328 F.3d at 1130.

I.      General Jurisdiction

Two forms of personal jurisdiction exist, general and specific.  Dole

Food, 303 F.3d at 1111. For general jurisdiction to exist,

> the defendant must engage in "continuous and systematic
> general business contacts," that "approximate physical
> presence" in the forum state. This is an exacting standard,
> as it should be, because a finding of general jurisdiction
> permits a defendant to be haled into court in the forum
> state to answer for any of its activities anywhere in the
> world.

Schwarzenegger, 374 F.3d at 801 (citations omitted).  "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there."  Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) overruled in part on other grounds by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199 (9th Cir. 2006) (en banc ).  The assertion of general jurisdiction must always be reasonable.  Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc., 1 F.3d 848, 852-53 (9th Cir. 1993).

Plaintiffs do not argue that this Court could assert general jurisdiction over Crisp, Johnson, or the Webb Law Firm, and the facts of this case are such that general jurisdiction would clearly be unreasonable.

II.   Specific Jurisdiction

Where a person does not have sufficient contacts to support general jurisdiction, a court may still exercise specific personal jurisdiction over the person if the following requirements are met:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of

11

conducting activities in the forum, thereby invoking the
benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to
the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and
substantial justice, i.e. it must be reasonable.

Harris Rutsky, 328 F.3d at 1129 (citation omitted).

    A.    Purposeful Direction or Availment

Plaintiffs have alleged only tort causes of action against Crisp,

Johnson, and the Web Law Firm.

Purposeful availment requires that the defendant engage
in some form of affirmative conduct allowing or
promoting the transaction of business within the forum
state.  This focus upon the affirmative conduct of the
defendant is designed to ensure that the defendant is not
haled into court as the result of random, fortuitous or
attenuated contacts, or on account of the unilateral
activities of third parties. This circuit has held that a
non-resident defendant's act of soliciting business in the
forum state will generally be considered purposeful
availment if that solicitation results in contract
negotiations or the transaction of business.

Shute v. Carnival Cruise Lines.897 F.2d 377, 381 (9th Cir. 1990), overruled on

other grounds by 499 U.S. 585 (1991) (citations and internal quotations omitted).

In a tort case, courts have allowed personal jurisdiction over a defendant whose

only contact with the forum state is his purposeful direction of a foreign act that

had an effect in the forum state.  Dole Food Co., 303 F.3d at 1111 (citation

omitted).  Physical presence in or contact with the forum state is not a necessary

condition, so long as the defendant's efforts were "purposefully directed" toward a

forum resident.  Harris Rutsky, 328 F.3d at 1130.  In addition, the "'brunt' of the

harm need not be suffered in the forum state. If a jurisdictionally sufficient amount

of harm is suffered in the forum state, it does not matter that even more harm might

have been suffered in another state."  Yahoo! Inc., 433 F.3d 1199, 1207 (9th Cir.

2006)

Thus, specific jurisdiction is proper where the defendant allegedly

"(1) committed an intentional act, (2) expressly aimed at the forum state, (3)

causing harm that the defendant knows is likely to be suffered in the forum state."

Dole Food Co., 303 F.3d at 1111.  The "expressly aimed" requirement is met when

the defendant is alleged to have known that the target of the alleged wrongful

conduct is a resident of the forum state.  Id. at 1111-12 (finding that the former

employee defendants, who worked in Europe, expressly aimed their actions at

California since they knew that the plaintiff-employer's principal place of business

was in California, they knew that the decision makers were located in California

and they communicated directly with those California decision makers); Harris

13

Rutsky, 328 F.3d at 1131 (defendant was found to have expressly aimed its acts a the forum state since it knew plaintiff was a California resident).

Here, it is undisputed that Crisp was clearly aware that he was a 10% shareholder in a closely-held, private Hawaii corporation and that the entire time he performed services for Med Five, it was a Hawaii company which conducted business in Hawaii.  In addition, the First Amended Complaint alleges that Crisp's main contact at Med Five was Defendant Keith, who was and still is a resident of Hawaii.  Finally, it is undisputed that Crisp was providing a key service to Med Five in exchange for an ownership share of the company.

Crisp cites various cases as support for his argument that mere ownership of stock is insufficient to confer personal jurisdiction.  This Court does not find those cases instructive, however, because they apply to conferring jurisdiction over a parent corporation based upon the subsidiary's contacts in the forum based upon corporate law involving whether the parent company was an alter ego of the subsidiary.  See Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 591 (9th Cir. 1996) ("[a] parent corporation's relationship with its subsidiary may confer personal jurisdiction over the parent if the subsidiary is acting as the parent company's alter ego, so as to justify disregard of the corporate entity") (citations and internal quotation marks omitted); see also

14

Doe v. Unocal Corp., 248 F.3d 915, 925 (9th Cir. 2001) ("[t]he existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum").

Likewise, the Uible v. Landstreet, 392 F.2d 467, 470 (5th Cir. 1968) case cited by Crisp is not instructive. Although that case held that the stock purchase by the defendants alone was insufficient to confer personal jurisdiction, that case was applying Florida property law, and there was no indication that the defendant shareholders provided the company with key services or with anything other than money.

The circumstances of this case are quite different as Crisp owned a 10% share of a local corporation that consisted of only six shareholders and he provided important research regarding the efficacy of the product and aided in attempting to obtain a patent. Therefore, Crisp was arguably an integral part of the future of the company. Furthermore, Crisp does not address the fact that Med Five was a closely held corporation, that he knew it conducted business in Hawaii, that his main contact resided in Hawaii, and that he was providing a service in exchange for the stock that was integral to the company, rather than merely providing money.

Thus, at this stage of the litigation, taking the facts alleged by the Plaintiffs as true, Crisp's acts in allegedly later competing with Med Five, were expressly aimed at a Hawaii corporation.  These same facts also establish that the alleged harm caused by Crisp was likely to be suffered in Hawaii.  Accordingly, the Court finds that the purposeful availment requirement has been met with respect to Defendant Crisp.

With respect to Defendants Johnson and the Webb Law Firm, however, the only connection to Hawaii is their provision of legal services in filing patent applications and obtaining provisional patents that were eventually assigned to Med Five, a Hawaii corporation.  It is undisputed that Johnson and the Webb Law Firm have no other connection to Hawaii or otherwise availed themselves of Hawaii law.  It is also undisputed that all legal services for Med Five were performed in Pennsylvania and that Plaintiffs solicited Johnson and the Webb Law Firm.  The only disputed issue is that Johnson made one trip to Hawaii, which may or may not have been related to one of the provisional patents.

As previously held by the Ninth Circuit, however, mere representation of a resident client and one-trip to the forum state, even for purposes of the representation, without more, is insufficient to establish purposeful availment.  See Sher v. Johnson, 911 F.2d 1357, 1363 (9th Cir. 1990) ("Out-of-state legal

16

representation does not establish purposeful availment of the privilege of conducting activities in the forum state, where the law firm is solicited in its home state and takes no affirmative action to promote business within the forum state," even where an attorney traveled to the forum state on three occasions in connection with the representation).

Therefore, Defendants Johnson and the Webb Law Firm did not purposefully avail themselves to the laws of Hawaii, and as such Plaintiffs have not met the first prong necessary to establish personal jurisdiction.  For these reasons, this Court GRANTS Defendants' Johnson and the Webb Law Firm's motion to dismiss and hereby dismisses without prejudice Johnson and the Webb Law Firm from this case.

B.      Arising out of or Relating to the Defendant's Forum-Related Activities

Because this Court found that Crisp purposefully availed himself to the laws of Hawaii, this Court must consider the next two prongs in order to determine if this Court should exert jurisdiction over Crisp.

The second requirement for specific jurisdiction is that the plaintiff's claim arise out of or relate to the defendant's forum-related activities.  Harris Rutsky, 328 F.3d at 1129.  The court must determine whether the plaintiff would

17

not have been injured "but for" the defendant's conduct directed toward the plaintiff in the forum state. Id. at 1131-32.

　　　　As Defendants Johnson and the Webb Law Firm have been dismissed for failure to meet the first prong of purposeful availment, this Court will not address this second prong or the third prong of the specific jurisdiction test with respect to those Defendants.

　　　　With respect to Defendant Crisp, this requirement is satisfied. "But for" Defendant Crisp's alleged solicitation of providing key services to Med Five, acceptance of stock in a closely-held private corporation in exchange for providing key services related to the product, and alleged use of proprietary information to engage in unfair competition thereafter, this action would not have been filed.

　　C.　　Reasonableness of Exercise of Jurisdiction

　　　　Once the first two elements have been met, in order to defeat personal jurisdiction, Defendant Crisp "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Dole Food Co., 303 F.3d at 1114 (citation and internal quotations omitted). In determining reasonableness, the court considers the following seven factors: (1) the extent of purposeful interjection into the forum state; (2) the burden on the defendant of defending in the forum; (3) the conflict with the sovereignty of the defendant's

state; (4) the forum state's interest in the suit; (5) the most efficient judicial resolution of the dispute; (6) the convenience and effectiveness of relief for the plaintiff; and (7) the existence of an alternative forum.  Id.  None of these seven factors are dispositive, all seven factors must be balanced.  Ziegler, 64 F.3d at 475.

### 1.    Purposeful Interjection

The first factor the court examines is the extent of Defendant Crisp's purposeful interjection into Hawaii. "Even if there is sufficient 'interjection' into the state to satisfy the purposeful availment prong, the degree of interjection is a factor to be weighed in assessing the overall reasonableness of jurisdiction under the reasonableness prong."  Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1323 (9th Cir. 1998) (quoting Core-Vent Corp. v. Novel Indus. AB, 11 F.3d 1482, 1488 (9th Cir. 1993)).

Here, Defendant provided key services to a Hawaii corporation in exchange for a 10% ownership interest in a Hawaii company.  Defendant thereby became one of only six owners of the Hawaii corporation.  Defendant's main contact with the company was a Hawaii resident.  Accordingly, this factor weighs in Plaintiffs' favor.

2.      Defendant's Burden in Litigating

"The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing" personal jurisdiction.  Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102, 114 (1987).  However, "modern advances in communications and transportation have significantly reduced the burden of litigating" in another forum.  Dole Food Co., 303 F.3d at 1115 (court found that California court had personal jurisdiction over individual defendants who resided in Europe) (citation omitted.)

Here, Defendant has testified that because he is 82 years of age it would be difficult for him to travel to and from Hawaii for any extended period of time for purposes of trial, deposition, or other reasons.  Although this may be true, Defendant has traveled to Hawaii twice in the past three years.  Defendant, therefore, appears to be physically able to make the trip.  Accordingly, this Court finds that this factor weighs only slightly in favor of Defendant Crisp.

3.      Conflict with Sovereignty of Defendant's State

This Court also considers the extent to which the exercise of jurisdiction would conflict with the sovereignty of Defendant's home state.  Crisp has not alleged that there is a conflict with the sovereignty of Arizona.  This factor thus presents no barrier to personal jurisdiction over Crisp in Hawaii.  Therefore,

this factor weighs in favor of Plaintiffs.  <u>Resnick v. Rowe</u>, 283 F. Supp. 2d 1128,

1141 (D. Haw. 2003) (citation omitted).

   4. <u>Forum State's Interest</u>

   Hawaii has a "strong interest in providing an effective means of

redress for its residents who are tortiously injured."  <u>Miracle</u>, 87 F. Supp. 2d at

1070.  Crisp has not addressed this factor.  Thus, this factor weighs in favor of

Plaintiffs.

   5. <u>Efficient Resolution</u>

   Efficient judicial resolution of the controversy focuses on the location

of the evidence and witnesses.  <u>Panavision</u>, 141 F.3d at 1323-24.  Courts have held,

however, that this factor also "is no longer weighed heavily given the modern

advances in communication and transportation."  <u>Id.</u>  Defendant Crisp does not

address this factor.  This Court notes that the various defendants are located all over

the country, including Nevada and California.  However, one of the key defendants,

Alec Keith, is a resident of Hawaii and Med Five is a Hawaii corporation.  Thus,

this factor weighs only slightly in favor of Plaintiffs.

6.     <u>Convenient and Effective Relief for Plaintiffs</u>

Hawaii is the most convenient and effective relief as Med Five, the key Plaintiff, is a Hawaii corporation and one of the key defendants is a Hawaii resident. Under these circumstances, this factor weighs only slightly in favor of Plaintiffs.

7.     <u>Alternative Forum.</u>

Plaintiffs have not demonstrated the unavailability of an alternative forum. <u>Harris Rutsky</u>, 328 F.3d at 1133-34 (plaintiff has the burden of proving the unavailability of an alternative forum). It appears that at most, only three parties reside in the same state. Thus, travel would be involved for several parties regardless of where the suit is held. Therefore, it is unclear whether an alternative forum that would have personal jurisdiction over all named defendants is available. This factor therefore weighs slightly in favor of Plaintiffs.

After reviewing all seven factors, the Court concludes that it is reasonable to exercise personal jurisdiction over Defendant Crisp. Only one of the seven factors weighed in favor of Crisp. In addition, as noted above, Plaintiffs have already met the first two prongs of the personal jurisdiction test. Therefore, this Court DENIES Defendant Crisp's motion to dismiss WITHOUT PREJUDICE.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant William Crisp, M.D.'s First Amended Motion for Dismissal for Lack of Personal Jurisdiction WITHOUT PREJUDICE and GRANTS Defendants Barbara Johnson and Webb Zeisenheim Logsdon Orkin & Hanson, P.C.'s Motion to Dismiss for Lack of Personal Jurisdiction.  The Webb Law Firm and Defendant Johnson are hereby dismissed from the lawsuit without prejudice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 2, 2008.



_____
David Alan Ezra
United States District Judge


Med Five, Inc., et al. vs. Alec Keith, Ph.D., et al., CV No. 07-00389 DAE-LEK; ORDER DENYING DEFENDANT WILLIAM CRISP, M.D.'S FIRST AMENDED MOTION FOR DISMISSAL FOR LACK OF PERSONAL JURISDICTION WITHOUT PREJUDICE AND GRANTING DEFENDANTS BARBARA JOHNSON AND WEBB ZEISENHEIM LOGSDON ORKIN & HANSON, P.C.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR FAILURE TO STATE A CLAIM