IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MED FIVE, INC., RALPH A. COWDEN, AND JANEY A. LAU AND JAMES C. ROBERTS, M.D., <br><br> Plaintiffs, <br><br> vs. <br><br> ALEC KEITH, Ph.D., WILLIAM CRISP, M.D., JANET KELLY aka JANET SIDBECK, NORMAN WIRTH, SECRETS OF NATURE, LLC., NEXXIS GENERATION, BARBARA JOHNSON, WEBB, ZEISENHEIM LAGSDON ORKIN & HANSON, P.C., TINO PEREZ, PREMIUM LOGISTICS, INC., GREAT EARTH COMPANIES, INC., PHOENIX LABS, EDWARD B. DIETHRICH, M.D., THE ARIZONA HEART INSTITUTE, HANK FRANCO AND JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE ASSOCIATES 1-10; DOE GOVERNMENTAL AGENCIES 1-10, and OTHER DOE ENTITIES 1-10, <br><br> Defendants. | CV. NO. 07-00389 DAE-LEK |

## ORDER GRANTING DEFENDANT ALEC KEITH, Ph.D.'S MOTION TO DISMISS AND WILLIAM CRISP, M.D.'S JOINDER THERETO AND <u>DISMISSING THE COMPLAINT WITHOUT PREJUDICE</u>

On September 2, 2008, the Court heard Defendant Alec Keith, Ph.D.'s Motion to Dismiss (Doc. # 71) and William Crisp, M.D.'s Joinder thereto (Doc. # 79). Robert D. Eheler, Jr., Esq., appeared at the hearing on behalf of Plaintiffs; Ward F.N. Fujimoto, Esq., appeared at the hearing on behalf of Defendant William Crisp., M.D.; Robert J. Crudele, Esq., and Henry F. Beerman, Esq., appeared at the hearing on behalf of Defendant Alec Keith, Ph.D. After reviewing the motion and the supporting and opposing memoranda, the Court GRANTS the motion and the joinder thereto, and DISMISSES the Complaint WITHOUT PREJUDICE.

## <u>BACKGROUND</u>

Plaintiff Med Five, Inc. is a Hawaii corporation doing business in the State of Hawaii, and consists of only six shareholders. According to the First Amended Complaint, Defendant Alec Keith, Ph.D. ("Keith") became a minority 10% shareholder of Med Five in exchange for his services in conducting research and obtaining a patent for the Med Five dietary supplement that was in development. Defendant Keith served as an officer for a very short period of time and resigned as an officer of Med Five in September 2003.

Med Five was working on developing a dietary supplement that helps to remove plaque from the heart and was referred to Defendant William Crisp, M.D., by Defendant Alec Keith in 2003 to aid Med Five in obtaining a patent, and to conduct research on the efficacy of the Med Five product.  Crisp was given 10% of Med Five stock in exchange for his services.

Because of Defendant Keith's recommendation, Med Five hired former Defendant Attorney Barbara Johnson ("Attorney Johnson" or "Johnson") and former Defendant the Webb Law Firm in August 2003 to provide legal services to submit a patent application for the Med Five dietary supplement. Johnson and the Webb Law Firm filed a provisional patent application.  A provisional patent was issued to the following four individuals named as inventors of the dietary supplement: Plaintiffs Ralph Cowden, Janey Lau and James Roberts, and Defendant Alec Keith.

After Keith resigned as Vice President, he and Crisp, through Attorney Johnson and the Webb Law Firm, submitted a subsequent patent application ("Subsequent Patent Application") in their individual names and a provisional patent was issued on February 25, 2005.  Plaintiffs allege that this Subsequent Patent Application was similar to the provisional patent that had already been issued in their names and that it used confidential information and

trade secrets contained in the first provisional patent.  Plaintiffs claim that they were unaware of this Subsequent Patent Application at the time that it was made.

        Plaintiffs continued to work with Crisp and began to manufacture their product in February 2004.  The product was allegedly effective and popular and Med Five sought to sell its business.  In September 2005, Plaintiffs learned that the first provisional patent had not been assigned to Med Five as allegedly intended, and learned that Defendants Keith and Crisp had submitted the Subsequent Patent Application using allegedly confidential information.  After being questioned by Plaintiffs, Attorney Johnson and the Webb Law Firm sought to assign both provisional patents to Med Five, and that was done.

        Med Five began to sell its product on the Internet, with Crisp and Keith's endorsements.  Crisp and Keith thereafter removed their endorsements of the product from the website.  Crisp and Keith allegedly began to compete against Med Five with Defendants Kelly, Wirth, Secrets, Nexxis, Perez, Logistics, Great Earth, Phoenix, Diethrich, Franco, and the Arizona Heart Institute, and allegedly disclosed Med Five's trade secrets and proprietary information to third parties.

        Plaintiffs filed a lawsuit in State court, and this case was removed to this Court on July 23, 2007.  On September 28, 2007, Plaintiffs filed a First Amended Complaint alleging the following claims against Defendants Keith and

Crisp: breach of fiduciary duty and conflict of interest (Count 1); unfair competition-misuse of confidential information (Count II), conspiracy (Count III), recession of corporate stock (Counts VI and VII), breach of duty of good faith and fair dealing (Count VIII), and tortious interference with contractual relations (Count IX) and disgorgement (Count X).  Plaintiffs brought a claim against Defendant Keith for slander (Count IV).  Some of these claims were also brought against the other defendants.

Defendant Keith filed the instant motion to dismiss on May 15, 2008. (Doc. # 71.)  Defendant Crisp filed a joinder to the motion on June 13, 2008.  (Doc. # 79.)  Defendant Keith and Crisp are referred to herein as Defendants. Defendants' motion states that they are moving to dismiss Counts I, III, and VIII, however, the memorandum in support also discusses unfair competition, which is Count II.  Defendants have not sought dismissal on every cause of action against them in their entirety.  Plaintiffs filed their opposition on August 18, 2008, and Defendant Keith filed a reply on August 22, 2008.

## STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted.  Review is limited to the contents of the

complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005). A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 1966. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence. In other words, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. See id. at 1974. "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

## DISCUSSION

I. Minority Shareholder Status

Defendants assert that Count I is based in part on a breach of fiduciary duty which allegedly arose based upon a mere minority shareholder interest. Plaintiffs assert that their claim is based on more than Keith and Crisp being only minority shareholders. Defendants assert that they would like this Court to make a

finding that even though there is no Hawaii law on point, that Hawaii courts would hold that minority shareholder status alone does create a fiduciary duty to other shareholders.

This Court declines to do so because the alleged facts in this case are that Defendants owed a fiduciary duty to Plaintiffs not only because they were 10% shareholders in a close corporation, but also because they were given stock in exchange for their services of conducting research to verify and certify the efficacy of Med Five's product so that it could achieve patent status, and that the other Plaintiffs, having no experience in such matters, fully relied upon Defendants to provide their knowledge, skills and experience in this matter. In addition, Keith acted as an officer of Med Five, albeit for a short period of time. Accordingly, a ruling that minority shareholder status in a close corporation alone does or does not create a fiduciary duty does nothing to progress this case forward or narrow the issues for trial.

II.     Subsequent Patent Applications

Defendants next assert that to the extent Plaintiffs' claims in Counts I, II, III, and VIII are based upon Defendants filing of the Subsequent Patent Application, those claims should be dismissed because issuance of a provisional patent violates no duty for which damages would be owed. Defendants explain

that because none of the applications have yet resulted in the issuance of a patent, and because Plaintiffs concede in their Complaint that Defendants have assigned all interest in the first patent application and the Subsequent Patent Application to Med Five, Med Five cannot show that it is entitled to damages.

Plaintiffs argue that by seeking a subsequent patent in their own individual names in violation of a fiduciary duty and contractual obligations, Defendants interfered with the business of Med Five because the existence of the Subsequent Patent Application could raise an issue as to the viability or propriety of the initial application.

This Court agrees with Defendants.  Plaintiffs have not explained what they mean by "interfered with business" or how they could be damaged by the Subsequent Patent Application when they concede that all rights and title in the Subsequent Patent Application have been assigned to Med Five.  Neither have Plaintiffs explained in what way the first application may no longer be viable. Moreover, Plaintiffs also concede that they do not have a cause of action that a patent application should be issued to a non-inventor, such as Med-Five.  This is insufficient to survive a motion to dismiss claims based upon the filing of the Subsequent Patent Application.

Accordingly, all claims to the extent they are based upon the filing of the Subsequent Patent Application are dismissed.

III.   Infringement Claim

Plaintiffs allege in their complaint that Defendants have revealed to third parties confidential information of Med Five and have induced infringement of the provisional patents by selling to others the means to infringe on those provisional patents. Defendants argue that because no patent has been issued, they could not have infringed on a patent. Defendants point out that Plaintiffs acknowledged as much when they filed the motion to remand this case to State court and cited to Yuksel v. N. Am. Power Tech., Inc., 805 F. Supp. 310, 312-13 (E.D. Pa. 1992) for the holding that "[t]here are no Acts of Congress that create actionable causes solely based on patent applications; Title 35 of the United States Code creates protections and causes of actions based on issued patents only." See also Sheridan v. Flynn, No. 03 C 5170, 2003 WL 22282378, at *4 (N.D. Ill. Sept. 30, 2003) ("While the object of these claims is the actions surrounding a pending patent application, that fact fails to create federal jurisdiction under patent laws. . . . [N]o patent rights yet exist under Title 35 in this case, suggesting that federal patent law does not apply."); GAF Building Materials Corp. v. Elk Corp. of Dallas, 90 F.3d 479, 482-83 (Fed. Cir. 1996) (no basis for claim that patent was

invalid and not infringed where no patent had issued).  At the time of the motion to remand, Defendants, of course, argued the opposite of what they now argue, claiming that this Court had jurisdiction because Plaintiffs' claims arose under patent law, 28 U.S.C. § 1338.

Plaintiffs do not dispute that there is no claim for patent infringement where a patent has not issued.  Plaintiffs only respond that they pled infringement as a means to categorize the conduct of Defendant Keith in deceiving his co-inventors and utilizing the same law firm to usurp information secured from Med Five.  This is insufficient to show that Plaintiffs can bring a cause of action for infringement based upon a provisional patent application.

Plaintiffs also note that in the Magistrate Judge's Findings and Recommendation to Deny Plaintiffs' Motion for Remand, this Court found that their claims were akin to a patent infringement claim.  (See Doc. #58 at 13.)  This argument, however, does not save Plaintiffs' claim because the order denying the motion for remand was based upon a different standard of review.  This Court found that because it would have to engage in certain steps to determine a patent infringement claim, a substantial question of federal law existed, and it had jurisdiction.  (Id. at 13-14.)  Plaintiffs did not file objections to the Magistrate Judge's findings and recommendation.

Accordingly, after applying patent law, it is clear that Plaintiffs cannot maintain any patent law cause of action because no patent has issued.  Therefore, to the extent Plaintiffs were attempting to assert a patent infringement claim, it is dismissed as there was no patent issued.

IV.   Supplemental Jurisdiction

This Court notes that to the extent a substantial federal question was raised such that the motion to remand was denied, it is now clear that there is no substantial federal question at issue in this case.  Likewise, there is no federal claim or diversity of parties.  All remaining claims are based on state law. Therefore, this Court does not have subject matter jurisdiction.  Plaintiffs agreed at the hearing that this Court no longer has original jurisdiction.

In United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966), the Supreme Court stated that a federal court has jurisdiction over an entire action, including state law claims, whenever the federal law claims and state law claims in the case derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding. Id. at 725.  A district court may decline to exercise supplemental jurisdiction, however, if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3).  Section 1367(c)(3) derives from Gibbs's

admonition that "[n]eedless decisions of state law should be avoided." 383 U.S. at 726; Executive Software N. Am., Inc. v. U.S. Dist. Court, 24 F.3d 1545, 1556 (9th Cir. 1994) ("Subsection [sic] (c)(2) . . . and (c)(3) . . . are derived directly from Gibbs itself[.]"). Section 1367(c)(3) expressly enables federal courts to avoid determining an issue of state law when the federal claim, on which its jurisdiction rests, proves to be unfounded.

The decision of whether to exercise jurisdiction over state law claims is left to the discretion of the district court. Gibbs, 383 U.S. at 726. Under Gibbs, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). When the balance of these factors indicates that a case properly belongs in state court, as when the federal law claims have dropped out of the lawsuit in its early stages and only state law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. Id. Furthermore, the factors usually will favor a decision to relinquish jurisdiction when "state issues substantially predominate, whether in terms of proof, of the

scope of the issues raised, or of the comprehensiveness of the remedy sought." Id. at 350 n. 7.

Here, to the extent there was a substantial question of federal law, it has been dismissed. All other causes of action involve only questions of state law, none of which implicate federal law or are similar to any patent law that may have been at issue. This case is in its early phases of litigation as the discovery deadline has not yet passed. Plaintiffs' counsel stated at the hearing that he believed the statute of limitations had not run on Plaintiffs' State law claims. Neither party claimed they would be prejudiced by a dismissal of this case without prejudice. Accordingly, this Court declines to exert jurisdiction over the remaining state law claims. This Court therefore, DISMISSES all remaining claims WITHOUT PREJUDICE.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant Keith's motion to dismiss, and Defendant Crisp's joinder thereto. As this Court has no subject matter jurisdiction over this case, and as it declines to exert supplemental

jurisdiction over the state law claims, this Court DISMISSES those claims WITHOUT PREJUDICE.  Clerk to enter judgement.

       IT IS SO ORDERED.

       DATED:  Honolulu, Hawaii, September 3, 2008.



_____
David Alan Ezra
United States District Judge

Med Five, Inc., et al. vs. Alec Keith, Ph.D., et al., CV No. 07-00389 DAE-LEK; ORDER GRANTING DEFENDANT ALEC KEITH, Ph.D.'S MOTION TO DISMISS AND WILLIAM CRISP, M.D.'S JOINDER THERETO AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE